UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KARL MITCHELL,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF NYE, a political subdivision of the State of Nevada,<br><br>　　　　　Defendant. | Case No. 2:15-CV-01714-APG-NJK<br><br>**ORDER DENYING MOTION FOR EMERGENCY INJUNCTION**<br><br>(Dkt. #2) |

　　　　On September 4, 2015, Plaintiff Karl Mitchell filed a motion seeking an emergency injunction barring the Nevada state court sitting in Nye County from conducting a contempt hearing against him on September 10, 2015. (Dkt. #2.) Mitchell also seeks an order prohibiting Nye County from removing from his property or euthanizing the tigers he cares for. I deny the request for emergency relief.

　　　　Preliminarily, Mitchell did not comply with the Local Rules for filing emergency motions. *See* LR 7-5 (requiring that the filing be accompanied by an affidavit setting forth, among other things, the office address and telephone numbers of all affected parties, and a statement certifying that, after personal consultation and sincere effort to do so, the moving party has been unable to resolve the matter without court intervention and detailing efforts to contact the other side). That would be grounds to deny the requested relief. However, given that Mitchell is acting *pro se*, I will consider his motion for emergency relief despite his failure to comply with the Local Rules.

　　　　Federal courts may not intervene in ongoing state proceedings under the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger* abstention, a federal court may not exercise jurisdiction when doing so would interfere with state judicial proceedings. *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). A district court must abstain and dismiss a suit on the basis of *Younger* where: (1) state

proceedings are ongoing; (2) important state interests are involved; (3) the plaintiff has an adequate opportunity to litigate federal claims in the state proceedings; and (4) "the federal court action would enjoin the proceeding, or have the practical effect of doing so." *Potrero Hills Landfill, Inc. v. Cnty. of Solano*, 657 F.3d 876, 882 (9th Cir. 2011); *Middlesex Cnty. Ethics Comm'n*, 457 U.S. at 432.

State proceedings are ongoing. It appears that the county filed an action in state court to remove the tigers from Mitchell's property because he does not have a conditional use permit allowing him to house exotic animals. The state court ordered him to remove the tigers, but he did not. According to Mitchell, the state court will conduct a contempt hearing against him on September 10. Zoning regulations, conditional use permits, and protecting the public from exotic animals are important state interests. There appears to be no reason why Mitchell cannot assert his rights in that state court proceeding. Finally, the relief Mitchell requests—entry of an order staying the removal of the animals and blocking the contempt hearing—would effectively enjoin the state court's order and related contempt proceeding in the county government's zoning/permitting enforcement action. This squarely falls within the *Younger* abstention doctrine. I therefore deny Mitchell's request for emergency relief.

IT IS THERFORE ORDERED that plaintiff Karl Mitchell's motion for emergency injunction **(Dkt. #2) is DENIED**.

DATED this 8th day of September, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE