UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KARL MITCHELL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF NYE,<br><br>　　　　　Defendant. | Case No. 2:15-cv-01714-APG-NJK<br><br>**ORDER GRANTING MOTIONS TO QUASH AND DISMISS**<br><br>(ECF Nos. 23, 25) |

　　　　Defendant County of Nye moves to dismiss based on plaintiff Karl Mitchell's untimely service of process. The County argues that Mitchell knew as early as December 2015 that he had not properly served the County based on correspondence from its counsel. I advised Mitchell that he had to comply with Rule 4's service requirements when I set aside a clerk's entry of default and quashed service. ECF No. 16. Magistrate Judge Koppe gave Mitchell another warning that he must comply with Rule 4 when she denied a motion for a hearing on discovery. ECF No. 20. According to the County, Mitchell then filed an unauthorized amended complaint that contained no new parties or allegations in an attempt to improperly expand the service window without requesting to extend the time to effect service. The County further contends that service was never properly effected because no summons was ever issued or served. The County argues Mitchell cannot show good cause for his failure to timely serve.

　　　　Mitchell responds that he is acting pro se and that service should be considered effective because the Nye County District Attorney's Office was served and opposing counsel knew of the complaint. Mitchell also argues he had a "right" to file the amended complaint. ECF No. 26 at 2. He also argues that service has now been effected by serving the town manager. Mitchell contends that when I quashed service on February 18, 2016, the time to effect service should run from that date. He also contends that the clerk of court did not provide him with a summons and

he did not know to ask for one.  Finally, he asserts that because actual service has now been effected, dismissal would be inappropriate.

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).  Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes a defendant to move for dismissal due to insufficient service of process.  The plaintiff then has the burden of demonstrating that service of process was valid. *R. Griggs Grp. Ltd. v. Filanto Spa*, 920 F. Supp. 1100, 1102 (D. Nev. 1996).  Actual notice of a lawsuit will not subject a defendant to personal jurisdiction "if service was not made in substantial compliance with Rule 4." *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (quotation omitted).

The County identifies two defects in service.  First, no summons was issued or served for the amended complaint.  Pursuant to Federal Rule of Civil Procedure 4(c)(1), a "summons must be served with a copy of the complaint."  It is undisputed that no summons was served and a review of the docket shows none was issued for the amended complaint.

Second, the County argues service was untimely because the original complaint was never properly served and merely filing an amended complaint does not restart the clock for timely service of process as to an originally-named defendant.  At the time Mitchell filed his complaint, Federal Rule of Civil Procedure 4(m) established the time for service on domestic defendants as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Mitchell filed his original complaint on September 4, 2015. ECF No. 1.  He thus had until January 2, 2016 to serve the County.  As I ruled in my February 18, 2016 order, Mitchell did not properly serve that complaint. ECF No. 16.  I also advised Mitchell that even though he is representing himself in this matter, "he must comply with the service requirements of Federal

Rule of Civil Procedure 4." *Id.* Mitchell did not thereafter serve the original complaint nor did he request an extension of time to do so.

Instead, Mitchell filed a motion for a hearing on discovery on June 13, 2016. ECF No. 19. The Magistrate Judge denied that motion a few days later because Mitchell had not demonstrated that he had properly served the County under Federal Rule of Civil Procedure 4, and thus the court did not have jurisdiction over the County. ECF No. 20 at 1.

On June 27, 2016, Mitchell filed an amended complaint without leave of the court. ECF No. 21. Two days later, he filed a certificate of service indicating that the amended complaint had been served on Frank Carbone, the Pahrump Town manager. ECF No. 22.

Mitchell has not complied with Rule 4's service requirements. As to the original complaint, Mitchell did not timely effect proper service nor did he ever request an extension of time to do so despite being advised on multiple occasions that his attempted service of the original complaint was ineffective and that he must comply with Rule 4. *See* ECF Nos. 13 at 14 & 21; 16; 20.

As to the amended complaint, Mitchell did not have leave to file it. Pursuant to Rule 15(a), a "party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Mitchell's amended complaint came well after these deadlines. He therefore was required to obtain the County's consent or leave of the court. Fed. R. Civ. P. 15(a)(2). He did neither. Moreover, Mitchell cannot unilaterally reopen the time frame to effect service of process by filing an amended complaint. *See Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006) (stating Rule 4(m)'s time limit "is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint" because otherwise the plaintiff could repeatedly file amended complaints "to extend the time for service indefinitely" (quotation omitted)).

Nevertheless, I must extend the 120-day time limit of Rule 4(m) if Mitchell shows good cause for failure to serve within 120 days. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). Mitchell bears the burden of demonstrating good cause for the delay. Fed. R. Civ. P. 4(m); *see also Boudette v. Barnette*, 923 F.2d 754, 755 (9th Cir. 1991). Generally, good cause is equated with diligence. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). A showing of good cause requires more than inadvertence or mistake of counsel. *Id.* "[A]t a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (quotation omitted).

Mitchell has not shown good cause for the delay in service. He has repeatedly been referred to Rule 4 and notified of the requirement to effect service but he has failed to do so. He never requested an extension of time to effect service. He has presented no evidence that he attempted to serve the County again until after he filed his unauthorized amended complaint, which was more than 120 days after my February 18, 2016 order. Thus, even if Mitchell erroneously interpreted my order as an extension of the time to serve the County, he still failed to do so within 120 days of that date. "Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012)). Thus, his status as a pro se litigant does not excuse him from complying with the Rules. Additionally, his ignorance of the Rule's requirements does not constitute good cause. *Townsel*, 820 F.2d at 320 ("To hold that complete ignorance of Rule 4(j) constitutes good cause for untimely service would allow the good cause exception to swallow the rule.").

Even if Mitchell does not show good cause, I have discretion to extend time for service or to dismiss the complaint without prejudice. *In re Sheehan*, 253 F.3d at 513. I may extend time for service even after the 120-day period expires. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). In making this determination, I consider factors such as whether the party to be served received actual notice of the lawsuit, the party to be served would suffer no prejudice, and the

serving party would be severely prejudiced if the complaint is dismissed. *Id.* I also may consider whether the serving party eventually accomplished service. *Id.*

I decline to exercise my discretion to extend the deadline for service and instead I will dismiss without prejudice. Mitchell has shown that the County received actual notice and the County has not identified any prejudice other than its view that Mitchell is using this lawsuit to disrupt the dispute between the parties that was (and may still be) pending in state court.[1] However, Mitchell accomplished service of only the unauthorized amended complaint and that was done without a summons. He never properly served the operative original complaint. Additionally, Mitchell has not shown he would suffer severe harm by dismissal without prejudice. He has not, for example, identified any statute of limitations that has expired. Given his lack of diligence in attempting to serve the County in this action and the lack of any severe prejudice, I dismiss without prejudice.

IT IS THEREFORE ORDERED that defendant County of Nye's motion to quash untimely service **(ECF No. 23)** and motion to dismiss **(ECF No. 25) are GRANTED**.

IT IS FURTHER ORDERED that the complaint (ECF No. 1) and amended complaint (No. 21) are DISMISSED without prejudice. The clerk of court is directed to close this case.

DATED this 14th day of November, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] Mitchell contends the state court proceedings have concluded. The County asserts they remain pending. Neither party presented any evidence on the point.